## Weisberger, Appellant, *v.* Safety Mutual Fire Insurance Company.

*Appeals—Agreement as to two appeals—Decision in one appeal to control another—Quashing appeal—Failure to print evidence.*

Where parties have two suits pending in the same court at the same time, and they file an agreement of record that the same judgment shall be entered in the second suit as shall have been entered in the first suit, and that in the event of an appeal the same disposition may be made of the second suit as is made of the first suit, and on appeal the judgment in the first suit is reversed, the appellate court will reverse the judgment in the second suit. The appeal in the second suit will not be quashed because the appellant did not print the evidence, inasmuch as the decision of the appeal does not depend on the evidence, but on the agreement filed of record.

Argued Nov. 8, 1915. Appeal, No. 23, March T., 1916, by plaintiff, from order of C. P. Lackawanna Co., Jan. T., 1911, No. 983, entering judgment for defendant in case of David Weisberger v. The Safety Mutual Fire Insurance Company. Before RICE, P. J., ORLADY, HEAD, PORTER, HENDERSON, KEPHART and TREXLER, JJ. Reversed.

Assumpsit on a policy of fire insurance. Before EVANS, P. J., specially presiding.

The opinion of the Superior Court states the case.

The evidence in the case was not printed in the appellant's paper book. The appellee moved to quash on the ground that the evidence was not printed.

*Error assigned* was in entering judgment for defendant.

*Joseph O'Brien,* with him *William J. Fitzgerald,* for appellant.

*Michael A. McGinley,* for appellee.

PER CURIAM, December 20, 1915:

This was an action of assumpsit on a policy of fire insurance brought to No. 983, January Term, 1911. Another action was brought by the plaintiff against another company to No. 982, January Term, 1911, which after trial resulted in a verdict for the plaintiff, and subsequently, judgment for the defendant non obstante veredicto.

On June 1, 1914, the parties entered into an agreement in the case at bar as follows: "Now June 1, 1914, it is agreed by David Weisberger, plaintiff, by O'Brien & Kelly, his counsel, and by the Safety Mutual Fire Insurance Company of Lebanon, Pennsylvania, defendant by M. A. McGinley, counsel, that the above action may be disposed of by Hon. C. C. EVANS, president judge of 26th judicial district, specially presiding, in the same manner that he may dispose of the case of David Weisberger v. The Western Reserve Insurance Company, No. 982, January Term, 1911, in the Court of Common Pleas of Lackawanna County, as if the two cases had been tried before him and the jury at the same time, and with the same effect and it is further agreed that in the event that judgment be directed for the plaintiff in Number 982, January Term, 1911, that judgment be directed for the plaintiff in the above entitled action in the sum of twelve hundred and fifty ($1,250.00) dollars, and that if a judgment be directed for the defendant in Number 982, January Term, 1911, that a judgment be also directed for the defendant in this case. And it is further agreed that in the event of appeal that the same dispo-

sition may be made of No. 983, January Term, 1911, as may be made of No. 982, January Term, 1911." On January 6, 1915, the foregoing agreement was filed together with an opinion by the court concluding as follows: "In the case of David Weisberger v. The Western Reserve Insurance Company brought to Number 982, January Term, 1911, above referred to the jury returned a verdict for the plaintiff for $1,865.25 and we have this day, January 6, 1915, entered judgment for the defendant non obstante veredicto. Now therefore this 6th day of January, 1915, in accordance with the terms and provisions of the above agreement judgment is entered in favor of the defendant."

An appeal was taken to the Supreme Court in No. 982, which on July 3, 1915, resulted in a reversal of the judgment and an order directing judgment on the verdict. On July 2, 1915, the present appeal was taken. It will be observed that this was just before the six months' period for appeal expired.

The foregoing statement of facts is a sufficient answer to the appellee's motion to quash. The case does not depend on the evidence but on the agreement. To have printed the evidence in the appellant's paper-book was not only unnecessary but would have added useless expense which the appellee might justly have complained of. The motion is overruled.

The defendant's contention that the plaintiff's appeal was an abrogation and repudiation of the agreement is not sustained. Evidently it was taken to prevent the bar of the statute limiting the right of appeal to six months and was clearly warranted by the last clause of the agreement. Instead of being a rescission or repudiation of the agreement the evident purpose was to enforce the agreement. Nothing remains but to carry out the agreement by entering the same judgment as that entered by the Supreme Court in the case appealed to that court.

The judgment is reversed and it is ordered that judg-

ment be entered in favor of the plaintiff for the sum of twelve hundred and fifty dollars with interest from June 1, 1914.